**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.  JUDY DOLLISON, individually and as )<br>2.  Personal Representative of the estate of )<br>DALE DOLLISON, and )<br>3.  on behalf of all others similarly situated, )<br>)<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>1.  AMERICAN NATIONAL INSURANCE )<br>COMPANY and )<br>2.  KEYSTONE CHEVROLET, INC. )<br>)<br>      **Defendants.** ) | CASE NO.:13-CV-100-CVE-FHM |

**NOTICE OF REMOVAL**

Defendant, American National Insurance Company ("American National" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, as amended, hereby files this Notice of Removal of this action to the United States District for the Northern District of Oklahoma, and would respectfully show the Court as follows:

**I. SUMMARY OF CASE**

1.     This is a credit life insurance class action case in which the Plaintiff complains of premiums charged on policies issued by American National at the inception of the policy and complains of American National's handling of credit insurance claims.

2.     On or about October 1, 2012, Judy Dollison, individually and as Personal Representative of the estate of Dale Dollison ("Plaintiff"), filed this civil action against American National and Keystone Chevrolet, Inc. ("Keystone") in the District Court of Mayes County, Oklahoma, now pending as Case No. CJ-12-258. The District Court of Mayes County, Oklahoma is a state court within the Northern District of Oklahoma.

3. A certified copy of the District Court of Mayes County's Docket Sheet is attached hereto as Exhibit 1. Plaintiff's Petition is attached as Exhibit 2 (hereinafter "Petition"). Defendant Keystone Chevrolet Inc.'s Special Entry of Appearance is attached as Exhibit 3. There are no other processes, pleadings or orders served to date other than those attached.

4. Defendant Keystone Chevrolet Inc. consents to this Notice of Removal.

5. This notice of removal is filed within thirty days after the receipt by defendant of a copy of the initial pleading pursuant to 28 U.S.C. § 1446(b).

6. American National first received a copy of Plaintiff's state court petition by email on January 18, 2013. Counsel for American National acknowledged service of summons and complaint from opposing counsel on January 28, 2013. This notice of removal is timely because it is filed within thirty (30) days of receipt of the summons and complaint by service or otherwise.

7. Based on the Petition, there are two independent and alternative grounds for removal. First, jurisdiction exists in this Court under the Class Action Fairness Act, codified at various provisions of the United States Code, including 28 U.S.C. § 1332(d)("CAFA"). Secondly, diversity jurisdiction exists under 28 U.S.C. § 1332(a) once the domicile of Defendant, Keystone is properly ignored under the doctrine of fraudulent joinder.

## II. CAFA JURISDICTION EXISTS

8. CAFA provides federal district courts original jurisdiction over class actions where, (a) minimal diversity exists, (b) there are at least 100 members in the proposed class, and (c) the amount in controversy exceeds $5 million in the aggregate. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B); *Prime Care of Northeast Kan., LLC C v. Humana Ins. Co.*, 447 F.3d 1284, 1285 (10th

Cir. 2006). Plaintiff's Petition seeks certification of an "Oklahoma statewide class" comprised of:

> All current or former [American National] policyholders who purchased credit life coverage through [American National or Keystone] where the coverage limit provided to the policy holder exceeded the balance of his or her loan, which was to be paid in installment payments.

Petition, ¶ 28. As pled in the Petition, this action satisfies CAFA's requirements for federal jurisdiction because at least one member of the proposed class (including Plaintiff) has a different citizenship than American National, there are at least 100 members of the putative class, and the amount in controversy exceeds $5 million in the aggregate.

### A. The Petition Shows Minimal Diversity Exists

9. Minimal diversity will not be disputed here. American National is a citizen of the State of Texas, as the company is incorporated in Texas and has its principal place of business in Texas. *See* Petition, ¶3 ("foreign corporation"); Exhibit 4, Declaration of James Pangburn ("Pangburn Dec."), ¶ 2. Plaintiff alleges she is a citizen of Oklahoma. Petition, ¶ 1. Plaintiff further seeks to represent an "Oklahoma statewide class." Petition ¶ 28. Plaintiff's determination of "statewide" could be interpreted many ways;[1] regardless however, it is clear that Plaintiff intends to represent some class members who necessarily reside outside the State of Texas and thus are diverse from American National. Therefore, minimal diversity exists here because at least one member of the putative class is a citizen of Oklahoma and American National is domiciled in Texas. 28 U.S.C. § 1332(d)(2)(A); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (2d Cir. 2006) (CAFA's diversity requirement met where defendant was a citizen of Texas and

---

[1] Plaintiff's definition is ambiguous in that it could mean all people who purchased an ANICO credit policy regardless of residence, or be limited to all people who currently reside in Oklahoma, or even all people who had a policy issued within the State of Oklahoma regardless of where they reside currently. Clearly, Plaintiff needs to better define her class to put ANICO and any putative class members on notice.

Delaware, and complaint alleged that plaintiff was a "resident of New York" and proposed class consisted of "thousands of New York customers").

B. **The Petition Pleads More Than 100 Putative Class Members**

10. Plaintiff has affirmatively pled that the putative class exceeds 100 individuals. Petition, at ¶ 30 ("[t]he Class membership is numerous and exceeds 500 . . ."). Moreover, Plaintiff's proposed class contains no date restriction and a vague reference that she seeks an "Oklahoma statewide class" consisting of "[a]ll current or former [American National credit life] policyholders." Petition, at ¶ 28. Between the years 2004 to 2012, there were tens of thousands of current or former American National policyholders who had purchased policies from American National in the State of Oklahoma alone, covering installment payments. Exhibit 4, Pangburn Declaration, at ¶ 3. There is no dispute that the action, as pled by Plaintiff, meets CAFA's number requirement. 28 U.S.C. ¶ 1332(d)(5).

C. **As Pled, The Amount In Controversy Exceeds $5 Million**

11. Proof that the allegations in the Petition exceed the $5 million jurisdictional is satisfied by a preponderance of the evidence. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir 2001). The Petition alleges actual damages, punitive damages, attorney's fees, general compensatory damages, "restitution of monies improperly demanded and paid" and disgorgement; but, Plaintiff did not specifically provide a numerical damage amount. Petition, at pgs. 8, 9, 10, and 12. However, a close reading of the Petition and a review of facts show that Plaintiff claims she is entitled to more than $5 million in damages.

12. At the conclusion of her Counts I and II for individual damage, Plaintiff alleges that she demands "judgment in excess of the amount required for diversity jurisdiction." Petition, at 4 ("Wherefore statements"). The only explanation for Plaintiff's pleading is that she believes

her claims exceed $75,000 as "diversity jurisdiction" is a creature of federal procedure. Under the Class Counts III, IV, V, and VI, the Petition demands an amount exceeding the diversity jurisdiction amount for "*Plaintiff and the Class*". Petition, at pgs. 8, 9, 10, and 11. Thus, simple calculations of $75,000 for each of the thousands of policies issued by American National, this case quickly reaches the $5 million jurisdictional CAFA threshold. Accordingly, the Petition itself demonstrates that CAFA jurisdiction exists.[2]

13.     Additional facts further support Removal. American National's records show the company wrote within the State of Oklahoma approximately $14.5 million in gross premium between 2004 and 2012.[3] Exhibit 4, Pangburn Declaration, at ¶ 3. If Plaintiff were to have her way, American National would have to "disgorge and make restitution of monies unlawfully obtained from the Plaintiff and Class." Petition, at pg. 12. Thus, Plaintiff appears to believe she is entitled to over $14.5 million in actual damage.

14.     Even if Plaintiff asserts that her damage claims are limited to what she claims to be excessive premium charges levied upon the Class, Plaintiff is still seeking approximately $3.6 million[4] in actuals, plus punitive damages. *See* Petition, at pgs. 8-9 (Count IV: Breach of Good Faith and Fair Dealing Covenant - seeking "actual and punitive damages"). When increased by

---

[2]Plaintiff has also ambiguously pled that "the amount in controversy . . . does not exceed $5,000,000". Petition, at ¶¶ 42, 49, 55, and 61. However, each such an allegation is based "[u]pon information and belief" rather than known fact; thus, Plaintiff has not denied jurisdiction and is simply wrong on this issue. More pertinently, a Plaintiff's denial may be disregarded where, like here, it lacks any factual support. *See McPhail*, 529 F.3d at 955 ("a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount").

[3]Again, Plaintiff's class definition ambiguously seeks an "Oklahoma state-wide" class, leaving ANICO uncertain as to how to determine which individuals might fall within the class. Should the class include non-residents of Oklahoma, actual damages sought dramatically increase.

[4]Plaintiff's petition alleges a 25% difference between the amount of coverage ANICO issued (a debt of $30,443.76) compared to the amount Plaintiff maintains should have been covered (a debt of $22,830.10) Petition, at ¶ 8. Applying this same percentage reduction to the gross premium written by ANICO in the State of Oklahoma, results in a damage claim of over $3.6 million.

punitive damages[5] sought by Plaintiff, there is no question that Plaintiff has pled entitlement to at least $5 million.[6]

15.     A defendant seeking to remove because of a claim for punitive damages "must affirmatively establish jurisdiction by proving jurisdictional facts that ma[ke] it possible" that punitive damages are in play.  *McPhail*, 529 F.3d at 955; s*ee Ezell v. Graco Children's Prods.*, 2012 U.S. Dist. LEXIS 136386 (W.D. Okla., Sept. 24, 2012) (CAFA jurisdiction existed despite fact that actual damages were less than jurisdictional amount because plaintiff sought punitive damages).  Plaintiff has pled that American National breached a duty of good faith to the Class and seeks punitive damage due to American National's "malicious, intentional and reckless disregard for the rights of Plaintiff and the Class." Petition, at ¶ 47, and Prayer for Relief, at pg. 12.  Obviously, American National categorically refutes such an allegation.  However, it is Plaintiff's allegation that is important for jurisdictional considerations.  An insurer that recklessly disregards a duty to deal fairly with an insured (as Plaintiff alleges) may seek punitive damages in the amount of the greater of (1) $100,000.00, or (2) actual damages awarded. 23 O.S. § 9.1(B). If malice and intentional conduct is alleged, the award jumps to $500,000, twice actuals, or the increased financial benefit. 23 O.S. § 9.1(C).  The Petition and relevant Oklahoma Statutes demonstrate that Plaintiff has pled a case seeking well over $7 million in punitive damages alone.  As Plaintiff has alleged that she and the thousands of Class members are entitled to actual and punitive damages, the $5 million jurisdictional amount in controversy requirement is clearly met.  *See Plummer v. Farmers Group, Inc.*, 388 F.Supp. 2d 1310, 1318 (E.D. Okla. 2005)(punitive damage allegations and pertinent Oklahoma statute warranted removal).

---

[5] Plaintiff seeks punitive damages in an amount "sufficient to punish the Defendants and to deter such conduct in the future, which amount shall be determined by the jury."  Petition, at pg. 12.

[6] Plaintiff has further sought attorney fees and this Court may include present as well as reasonable future attorney fees in its analysis of the amount in controversy. *Miera v. Dairyland Ins. Co*., 143 F.3d 1337, 1340 (10th Cir. 1998).

16. Given the amounts of actual damages at controversy here, together with the alleged punitive damage and increased financial benefit to American National, it is more likely than not that the jurisdictional amount in controversy has been met for CAFA purposes.

### III. DIVERSITY JURISDICTION EXISTS EVEN ABSENT CAFA

17. In the alternative, this action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 between citizens of different States. 28 U.S.C. § 1332(a).

#### A. Amount in Controversy

18. Plaintiff concedes that the amount in controversy exceeds the amount required for diversity jurisdiction. Petition, at pgs. 4, 8, 9, 10, and 11 (each "Wherefore" clause demands judgment in excess of the amount required for diversity jurisdiction).

19. In addition, as shown in this Notice of Removal above, the amounts demanded solely by Plaintiff with respect to actual damages, punitive damages, attorney's fees, general compensatory damages, restitution, and disgorgement exceeds $75,000.00. *See* Petition, at pgs. 8, 9, 10, and 12.

#### B. Diversity Exists As Keystone Is Fraudulently Joined

20. Plaintiff is a citizen of Oklahoma. Petition, at ¶ 1. Defendant, American National is not domiciled in Oklahoma. American National is now, and was at the time of the commencement of this action, an insurance company organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas. Exhibit 4, Pangburn Declaration, at ¶ 2.

21. Plaintiff has attempted to destroy diversity by improperly joining Defendant, Keystone. A fraudulently joined resident defendant will not defeat removal on diversity grounds. *See Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1276 (N.D. Okla. 2006).

22. Fraudulent joinder may be proven by showing that a plaintiff has "no possibility of recovery" against a non-diverse defendant, which is the case here. *Slover*, 443 F. Supp. 2d at 1276.

23. According to the Petition, Keystone is connected to this lawsuit because "Keystone offered credit life insurance to Decedent which he elected to apply." Petition, at ¶ 10. However, Keystone is an automobile dealership, not a credit insurance company. With respect to the policy sold to Dollison or other customer, Keystone was acting as American National's agent and Keystone is not a party to the insurance agreement between Dollison and American National. *See* Exhibit 4, Pangburn Declaration, at ¶¶ 4-5. Mr. Dollison's application for credit insurance, referenced in the Petition at paragraphs 10-13, shows that the insurance being sought was to be issued by American National. Exhibit 4, Pangburn Declaration, at ¶ 6; Exhibit 4A (Mr. Dollison's credit insurance application). Keystone neither issued nor provided any credit insurance to Mr. Dollison or any other potential class member. Exhibit 4, Pangburn Declaration, at ¶ 5; Exhibit 4A (heading states "American National Insurance Company Credit Insurance Division."). Plaintiff makes no allegation that a contract of insurance existed between Mr. Dollison and Keystone. *See generally*, Petition, at ¶¶ 23, 44 (alleging that "[a] valid contract of insurance existed between [American National] and the Decedent and/or decedent's estate").

24. Under well-settled state contract and agency law, an agent such as Keystone cannot be liable under a contract of its disclosed principal. *See Moran v. Loeffler-Greene Supply*

8

*Co.*, 316 P.2d 132 (Okla. 1957). It is well settled that Oklahoma insurance agents are not parties to insurance contracts and cannot be held liable for breach of contract or bad faith. *Wathor v. Mutual Assur. Adm'rs, Inc*. 2004 OK 2, ¶ 8, 87 P.3d 559, 562 (agents owe the insured a duty of good faith since agents are not parties to the contract). Moreover, Keystone is not liable for a direct action under 24 OS 13.[7] Thus, the Petition fails to state a legally cognizable claim for breach of contract, bad faith or for an insurance code violation against Keystone, the non-diverse defendant. Further, there is no fiduciary obligation by an insurance agent to an insured. *Swicky v. Silvey Companies*, 979 P.2d 266, 269 ("There are no Oklahoma cases holding that an insurance agent owes a fiduciary duty to a prospective insured").

25.     Plaintiff makes no particular allegations against Keystone arising out of any conduct by Keystone, but only refers to Keystone as one of the "Defendants" and generally complains that Keystone "provided credit life insurance policies." Petition, at ¶ 33. Finally, American National is the only party to this suit that receives credit life premium as a result of a sale and Keystone is paid commissions. Exhibit 4, Pangburn Declaration, at ¶ 5.

26.     The lack of specific allegations of wrongdoing by Keystone demonstrates no claim exists against Keystone[8] and the company is fraudulently joined here. *See Lobato v. Pay Less Drug Stores, Inc*., 261 F.2d 406, 408-09 (10th Cir. 1958) (finding fraudulent joinder where complaint "failed to charge in specific terms any specific acts on the part of the [non-diverse] defendants" sufficient to allege a cause of action against the non-diverse defendants); *Ryan v. State Farm Fire & Cas. Co*., 2010 U.S. Dist. LEXIS 485 (N.D. Okla. Jan. 4, 2010) (finding

---

[7] There is no private right of action under this statute against an insurer, much less an insurance agent. *See Jennings v. Globe Life & Accident Insurance Company of Oklahoma*, 922 P.2d 622, 625 (Okla. 1996).

[8] No claim for unjust enrichment or other equitable relief should exist against a party absent some wrongdoing by that party. *See e.g.*, *Oklahoma Department of Securities ex rel. Faught v. Blair*, 231 P.3d 645, 654 (Okla. 2010); *Hitch Enters. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1258 (W.D. Okla. 2012).

fraudulent joinder where, after piercing the pleadings and examining the evidence, the court found no statements supporting plaintiff's slander claim).

27.     No claim exists against Keystone. Keystone is improperly joined and its state of residency should be ignored for jurisdiction purposes. Thus, complete diversity of citizenship exists and American National's Removal is proper.

### IV. ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED

28.     This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

29.     A copy of this notice is being filed with the Clerk of the District Court of Mayes County, Oklahoma, as provided under 28 U.S.C. § 1446. American National is also giving prompt written notice to Plaintiff of the filing of this Notice of Removal.

30.     Attached hereto as Exhibit 2 and Exhibit 3 is a copy of all process, pleadings, and orders served upon Defendant in the State Court Action. *See* 28 U.S.C. § 1446(a).

31.     Pursuant to Local Rule 81.2, Defendant has attached as Exhibit 1 a copy of the docket sheet from the State Court Action.

32.     In the event Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

For the reasons stated above this case is hereby removed from the District Court of Mayes County, Oklahoma to this Court.

Respectfully submitted,

s/Kenneth E. Wagner
Kenneth E. Wagner, OBA#16049
Mark T. Steele, OBA#14078
Brandy L. Shores, OBA#22187
Latham, Wagner, Steele & Lehman, P.C.
10441 S. Regal Blvd. Suite 200
Tulsa, OK 74133
(918) 970-2000 Telephone
(918) 970-2002 Facsimile
kwagner@lswsl.com
msteele@lswsl.com
bshores@lswsl.com

*Attorneys for Defendant*
*American National Insurance Company*

CERTIFICATE OF MAILING

I hereby certify that on the 15th   day of February 2013 a true and correct copy of the foregoing instrument was placed in the U.S. Mail with proper postage affixed to the following:

| | |
|---|---|
| Richard D. Gibbon | Kevin Dodson |
| Bradford D. Barron | Dodson Law Office |
| Zachary T. Barron | 308 A N.E. 1st Street |
| Gibbon, Barron & Barron | Pryor, OK  74361 |
| 20 East 5th Street, Suite 1000 | *Attorney for Plaintiffs* |
| Tulsa, OK  74103 | |
| *Attorneys for Plaintiffs* | David R. Cordell |
| | CONNER & WINTERS |
| | 4000 One Williams Center |
| | Tulsa, OK  74172 |
| | *Attorney for Defendant* |
| | *Keystone Chevrolet* |

s/Kenneth E. Wagner

11