**IN THE DISTRICT COURT IN AND FOR MAYES COUNTY**
**STATE OF OKLAHOMA**

JUDY DOLLISON, individually and as )
Personal Representative of the estate of )
DALE DOLLISON, and on behalf of all )
others similarly situated, )
                                   )

            Plaintiff, )
                                   )

vs. )
                                     )

AMERICAN NATIONAL INSURANCE )
COMPANY and KEYSTONE )
CHEVROLET, INC. )
                                     )

            Defendants. )

Case No.: CJ- 12-258
Judge: _____

Jury Trial Demanded
Attorney Lien Claimed

FILED IN THE DISTRICT COURT
MAYES CO. OKLAHOMA

OCT 0 1 2012

LI PARSON'S COURT CLERK
BY_____DEPUTY

## PETITION

        Plaintiff Judy Dollison ("Plaintiff"), individually and as personal representative of

the estate of Dale Dollison, ("Decedent"), and on behalf of all others similarly situated,

asserts her causes of action against the Defendants American National Insurance

Company ( "American") and Keystone Chevrolet, Inc. ("Keystone"). In support of her

claims, the Plaintiff states and alleges the following:

### JURISDICTION AND VENUE

1.     Plaintiff is a resident citizen of Mayes County, Oklahoma. At all times material

hereto, Plaintiff was the Decedent's spouse and subsequent to his death was appointed

personal representative of his estate.

2.     At all times material hereto the Decedent was a resident of Mayes County.

3.     American National Insurance Company is a foreign corporation, which conducts

business in Mayes County.

- 1 -

EXHIBIT
2

4.     Keystone Chevrolet, Inc. is a domestic corporation which conducts business in Mayes County.

5.     The credit life insurance policy at issue in this case was delivered in Mayes County.  Thereafter, coverage was eventually denied and rescinded in Mayes County.

6.     Venue lies in this county as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Mayes County.

## FACTS

7.     On or about February 6, 2010 the Plaintiff and Decedent presented to Keystone and purchased a 2009 Chevrolet Silverado 1500.

8.     The total purchase price for the vehicle was $25,799.00.  The Decedent made a down payment of $7,300.00, but incurred an additional $4,331.10 in "other charges", resulting in a total balance owed of $22,830.10.

9.     Through Keystone, the Decedent obtained a loan for the amount of $22,830.10 with an annual percentage rate of 9.840% and a term of 72 months.  The truth-in-lending disclosures statement indicated the sum of all installment payments made by Decedent at the end of the loan term would be equal to $30,443.76.

10.    Keystone offered credit life insurance to Decedent which he elected to apply.

11.    As part of the application process, Defendants required the Decedent to complete an application and answer the following:

> In the past twelve months, have you been diagnosed or treated for or do you now have:
>
> a) Cardiovascular disease, diabetes, high blood pressure, or stroke
> b) Disease of the lung
> c) Disease of the kidney, prostate, or liver
> d) Cancer to any part of the body

- 2 -

e) Acquired Immune Deficiency Syndrome (AIDS) or (ARC)
f) Alcoholism or drug addiction

12.    The Decedent answered "No" to each of the above questions.  The Decedent answered the questions in good faith and without an intent to injure, defraud, deceive, or misrepresent his medical history.  To the best of his knowledge and ability the Decedent provided truthful responses.

13.    Defendants issued and provided the Decedent Credit Life coverage in the amount of $30,443.76 and charged a single premium of $1,242.10, which was financed into the loan.  The policy was numbered AA 315571

14.    On or about June 28, 2010 the Decedent was diagnosed with lung cancer and died on October 1, 2010.

15.    Pursuant to the terms of the policy, the Plaintiff individually and as personal representative of Decedent's estate presented a claim to American.

16.    On December 14, 2010, American denied and rescinded coverage claiming the answers provided by the Decedent in his application were "incorrect".

17.    American denied and rescinded coverage without first determining whether the Decedent provided his responses with an intent to deceive, furthermore, the responses were not material to whether American would have accepted the risk or to the hazard assumed by American.

## INDIVIDUAL ALLEGATIONS AND CLAIMS

### COUNT I: BAD FAITH

18.    Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1-17 above.

19.     American failed to properly investigate Decedent's responses made on his application, Decedent's intent when making such responses, as well as, the claim presented by the Plaintiff for coverage.

20.     American intentionally, recklessly, and unreasonably refused and failed to pay the full amount of the claim presented by the Plaintiff.

21.     As a proximate result of American's actions, Plaintiff has been damaged.

WHEREFORE, the above premises considered, Plaintiff demands judgment against American in excess of the amount required for diversity jurisdiction and for such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Court should deem just and proper.

## COUNT II:  BREACH OF CONTRACT

22.     Plaintiff incorporates and re-alleges the allegations stated in Paragraphs 1-17.

23.     A valid contract of insurance existed between American and the Decedent and/or Decedent's estate.

24.     The Decedent, Decedent's estate, and/or the Plaintiff fully performed under the contract.

25.     American intentionally and recklessly breached their contract of insurance with Plaintiff by denying and rescinding coverage and failing to pay policy benefits.

WHEREFORE, the above premises considered, Plaintiff demands judgment against American in excess of the amount required for diversity jurisdiction and for such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's

- 4 -

fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Court should deem just and proper.

## CLASS ACTION ALLEGATIONS AND CLAIMS

26.   Plaintiff incorporates and re-alleges the allegations stated in Paragraphs 1-17.

27.   Plaintiff brings this action as a statewide class action and as the representative of the Class.

28.   Plaintiff seeks certification of the following Oklahoma statewide class comprised as follows:

> All current or former American policyholders who purchased credit life coverage through one, both, or either Defendant where the coverage limit provided to the policyholder exceeded the balance of his or her loan, which was to be paid in installment payments.

The persons or entities excluded from the class definition are persons or entities who have settled or released the claims covered by this Petition; persons or entities who are currently in bankruptcy; persons or entities whose obligations to American have been modified or discharged in bankruptcy; any governmental agency or entity; and any person or entity who, in accordance with any court approved notice, properly executes and submits a timely request for exclusion from the class.

29.   Plaintiff reserves the right to amend or modify the class definitions and/or to move for certification of a class or classes defined differently than set forth above depending on the facts or law as discovered in this action.

30.   The Class membership is numerous and exceeds 500 -- although the precise number of class members is within the exclusive control of the Defendants.  The class members are so numerous that joinder of all members is impracticable.

- 5 -

31. American sold, issued, and/or provided credit life insurance policies throughout the state of Oklahoma.

32. The averments of fact and questions of law herein are common to the Class. The claims asserted by the Plaintiff are typical of the claims of the Class.

33. Defendants systematically issued and provided credit life insurance policies with coverage limits which exceeded the unpaid balance of installment loans. As a result, the Plaintiff, Decedent, and Class paid excessive premium charges, incurred higher loan balances, incurred higher installment payments, and incurred a higher total cost of the credit.

34. Plaintiff will fairly and adequately protect the interests of the Class.

35. Plaintiff's interests do not conflict with the interests of the Class. Plaintiff is represented by counsel both skilled and experienced in insurance matters and complex civil litigation matters, including class actions.

36. The averments of fact and questions of law which are typical and common to the members of the Class predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The class action mechanism is superior because, among other things:

    a.    The questions of law and fact are so uniform across the Class that there is no reason why individual Class members would want to control the prosecution of their own actions, at their own expense;

    b.    To Plaintiff's knowledge, there is no pending class action litigation against the Defendants that incorporates statewide claims arising from it providing credit life insurance policies with coverage limits

which exceeded the unpaid balance of the loan which causes the

charging and collection of excessive premiums from the Plaintiff

and Class Members;

c.    The interests of all parties and the judiciary in resolving these

matters in one forum without the need for a multiplicity of actions

are great and substantial;

d.    There are no difficulties in managing this class action and any

perceived difficulties are slight in relation to the potential benefits

to be achieved on behalf of each and every Class member, and not

just those who can afford to bring their own actions;

e.    Many of the Class members may never discover the wrongful acts

committed by the Defendants.  Thus, in the absence of a class

action, it may successfully be unjustly enriched to the detriment of

the unknowing Class members; and

f.    It will promote orderly, efficient, expeditious, and appropriate

adjudication and administration of class claims to promote

economies of time and resources.

### COUNT III:  VIOLATION OF 24 O.S. § 13 (A)

37.    The Plaintiff incorporates and realleges the allegations contained in Paragraphs 1-

17 and 26-36 above.

38.    24 O.S. § 13(A) provides in pertinent part:

Such policy shall be on a form approved by the State Insurance
Commissioner, and the principal amount payable thereunder shall not be
in excess of the total amount the debtor agrees to pay when he enters into
such contract, provided, however, that where the indebtedness is repayable

in installments, the amount of the insurance shall not exceed the approximate unpaid balance of the loan.

39.   Decedent's loan was for the amount of $22,830.10 and was repayable in installment payments, yet, Defendants issued and provided coverage in the amount of $30,443.76.

40.   Defendants' conduct of providing coverage which exceeds an insured's loan balance is in violation of 24 O.S. § 13(A).

41.   As a result, the Plaintiff, Decedent, and Class paid excessive premium charges, incurred higher loan balances, incurred higher installment payments, and incurred a higher total cost of the credit.

42.   Upon information and belief the amount in controversy, exclusive of interest and costs, does not exceed the sum or value of $5,000,000.00.

WHEREFORE, the above premises considered, Plaintiff and the Class demand judgment against the Defendants in excess of the amount required for diversity jurisdiction and for such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Court should deem just and proper.

## COUNT IV:  BREACH OF CONTRACT / BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

43.   Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1-17 and 26-36 above.

44.   A valid contract of insurance existed between American and the Decedent and/or Decedent's estate.

45.   The Decedent, Decedent's estate, and/or the Plaintiff fully performed under the contract.

46.   American intentionally and willfully breached their contract of insurance with Plaintiff by denying and rescinding coverage and failing to pay policy benefits.

47.   In every contract or agreement, including the insurance contract at issue here, there is an implied promise of good faith and fair dealing, which means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract.  This covenant of good faith applies in particular here, where the Defendants provided coverage in amounts which exceed the unpaid balance of the loan, all in order to collect a higher premium when they knew or should have known that amount paid by them in the event of a loss would be substantially less than the coverage provided at the time of issuing the policy.

48.   As a direct and proximate result of these breaches, the Plaintiff, Decedent, and Class paid excessive premium charges, fees, incurred higher loan balances, incurred higher installment payments, and incurred a higher total cost of the credit.

49.   Upon information and belief the amount in controversy, exclusive of interest and costs, does not exceed the sum or value of $5,000,000.00.

WHEREFORE, the above premises considered, Plaintiff and the Class demand judgment against the Defendants in excess of the amount required for diversity jurisdiction and for such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Court should deem just and proper.

## COUNT V:  RESTITUTION

50.   Plaintiff incorporates and re-alleges the allegations contained in Paragraphs 1-17 and 26-36 above and specifically asserts Count V in the alternative.

51.   Defendants have adopted a common policy and practice of provided credit life insurance policies with coverage limits which exceeded the unpaid balance of the loan.

52.   Defendants calculate premiums according to an underwriting formula which is based in part upon the coverage limit amount.  As a result, the higher the coverage limit the higher the premium.

53.   Defendants' common practice of provided credit life insurance policies with coverage limits which exceeded the unpaid balance of the loan results in higher premiums being charged to American's insureds.

54.   Defendants' conduct has resulted in it obtaining money in the form of excess premium charges, fees, higher loan balances, higher installment payments, and a higher total cost of credit from the Plaintiff and Class which in equity and good conscience it should not be allowed to retain and which belongs to the Plaintiff and Class.

55.   Upon information and belief the amount in controversy, exclusive of interest and costs, does not exceed the sum or value of $5,000,000.00.

WHEREFORE, the above premises considered, Plaintiff and the Class demand judgment against the Defendants in excess of the amount required for diversity jurisdiction and for such sum as a jury shall assess, including restitution of monies improperly demanded and paid, plus interest, attorney's fees, and all costs of this proceeding and such additional and other relief as this Court should deem just and proper.

## COUNT VI:  UNJUST ENRICHMENT/CONSTRUCTIVE TRUST

56.   Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1-17 and 26-36 above and specifically asserts Count IV in the alternative.

57.   By engaging in the fraudulent and deceptive conduct set out above, the Defendants knowingly obtained or exerted unauthorized control over Decedent and Plaintiff's property with the intent to deprive of such property and/or knowingly obtained control over said property by deception and with the intent to deprive Decedent and Plaintiff of property.

58.   Such illegal and fraudulent conduct engaged in by the Defendants resulted in it obtaining money, which in equity and good conscience, belongs to Plaintiff.

59.   Plaintiff further requests that the Court impose a Constructive Trust on such monies and require the Defendants to repay such monies to the Plaintiff, Decedent's estate, and proposed class members.

60.   As a direct result thereof, American has been unjustly enriched, and the Decedent, Plaintiff, and Class has been injured and damaged and seeks recovery of all monies improperly procured or withheld.

61.   Upon information and belief the amount in controversy, exclusive of interest and costs, does not exceed the sum or value of $5,000,000.00.

WHEREFORE, the above premises considered, Plaintiff and the Class demand judgment against the Defendants in excess of the amount required for diversity jurisdiction for in such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding and such additional and other relief as this Court should deem just and proper.

## COUNT VII:  INJUNCTIVE RELIEF

62.    Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1-17 and 26-36 above.

63.    Plaintiff respectfully requests that this Court to enjoin the Defendants from providing credit life insurance policies with coverage limits which exceeded the unpaid balance of insureds' installment loans.

WHEREFORE, the above premises considered, Plaintiff requests issuance of the aforementioned injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants and in favor of herself and the Class, for the following relief:

a.  Certify the statewide Class referred to herein, appointing the named Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

b.  An order awarding the Plaintiff and Class actual damages and punitive damages as a result of the Defendants' malicious, intentional, and reckless disregard for the rights of the Plaintiff and the Class a whole, in an amount sufficient to punish the Defendants and to deter such conduct in the future, which amount shall be determined by the jury;

c.  An order requiring the Defendants to disgorge and make restitution of monies unlawfully obtained from the Plaintiff and Class;

d.  Costs, including reasonable attorneys' fees, as permitted by law;

e.  Injunctive relief;

- 12 -

f.   Such other relief in law and equity, including, without limitation, costs

incurred by Plaintiff and the Class, pre-judgment interest, post-judgment

interest, and any other relief to which Plaintiff and the Class show

themselves to be entitled.

Respectfully submitted,

Richard D. Gibbon, OBA # 3340
Bradford D. Barron, OBA #17571
Zachary T. Barron, OBA # 18919
Gibbon, Barron & Barron, PLLC
20 East 5th Street, Suite 1000
Tulsa, Oklahoma 74103
(918) 745-0687
(918) 745-0821 Facsimile

And

Kevin Dodson, OBA # 19083
Dodson Law Office
308 A N.E. 1st Street
Pryor, OK 74361
(918) 824-3600
(918) 824-3601 Facsimile