UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JUDY DOLLISON, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 13-CV-0100-CVE-FHM |
| ) | |
| ) | |
| **AMERICAN NATIONAL INSURANCE** ) | |
| **COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court are Plaintiff's Motion to Remand and Brief in Support (Dkt. # 27) and American National Insurance Company's 12(b)(6) Motion to Dismiss and 12(f) Motion to Strike Class Allegations and Brief in Support (Dkt. # 9).

### I.

The following facts alleged in the petition are taken as true for the purpose of plaintiff Judy Dollison's (plaintiff) motion to remand and American National Insurance Company's (ANICO) motion to dismiss and strike class allegations. Dale Dollison (Dollison) purchased a truck from Keystone Chevrolet, Inc. (Keystone) in Sand Springs, Oklahoma. Dkt. # 2-2, at 2. Dollison made a down payment of $7,300, but incurred an additional $4,331.10 in "other charges," resulting in a total balance of $22,830.10. Id. To purchase the truck, Dollison obtained a loan from Keystone in the amount of $22,830.10, plus interest at the rate of 9.84 percent per annum, to be repaid in 72 monthly installments. Id. While at Keystone, Dollison elected to purchase a credit life insurance policy, the purpose of which was to repay the indebtedness in the event of his death. The policy was

purchased from ANICO, through ANICO's disclosed agent, Keystone. Id. As part of the credit life application, Dollison answered several questions about his medical history. A credit life insurance policy was issued by ANICO in the amount of $30,443.76, which was the total amount Dollison would have paid over the term of the loan. A single premium of $1,242.10 was charged, which was financed as part of the loan. Id. at 3.

During the term of the policy, Dollison was diagnosed with lung cancer and died. As surviving spouse, plaintiff made a claim under the policy. ANICO denied plaintiff's claim and rescinded coverage based upon Dollison's "incorrect" answers in the application. Plaintiff, individually and as personal representative of the estate of Dollison, as well as on behalf of all others similarly situated, filed suit in Mayes County, Oklahoma. Dkt. # 2-2. Plaintiff alleged seven claims. All seven of plaintiff's claims were asserted in her individual capacity and on behalf of Dollison's estate (individual/estate), and counts three through seven were asserted on behalf of all others similarly situated (class). Plaintiff's claims are as follows:

| Count One | Bad Faith Denial | Individual/Estate | ANICO |
|---|---|---|---|
| Count Two | Breach of Contract | Individual/Estate | ANICO |
| Count Three | Violation of Statute | Individual/Estate and Class | ANICO and Keystone |
| Count Four | Breach of Contract/ Breach of Covenant of Good Faith/Fair Dealing | Individual/Estate and Class | ANICO and Keystone |
| Count Five | Restitution | Individual/Estate and Class | ANICO and Keystone |
| Count Six | Unjust Enrichment/ Constructive Trust | Individual/Estate and Class | ANICO and Keystone |
| Count Seven | Injunctive Relief | Individual/Estate and Class | ANICO and Keystone |

ANICO removed the case on the basis of diversity jurisdiction and the Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA). Dkt. # 2. Keystone consented to removal. Id. Thereafter, ANICO filed a motion to dismiss for failure to state a claim and to strike class allegations. Dkt. # 9. Plaintiff filed a motion to remand (Dkt. # 27) and responded to ANICO's motion to dismiss and motion to strike class allegations (Dkt. # 28). ANICO and Keystone both filed responses to plaintiff's motion to remand. Dkt. ## 30, 31. In Keystone's response, it adopted ANICO's arguments and expanded upon fraudulent joinder only. Dkt. # 31. Plaintiff and ANICO filed replies. Dkt. ## 29, 32.

## II.

ANICO argues that the Court should first decide the issues presented in the motion to dismiss. Dkt. # 30, at 2. However, the initial inquiry must be whether the Court has subject matter jurisdiction over plaintiff's individual/estate claims before the Court can determine whether plaintiff has stated a claim upon which relief may be granted and whether plaintiff can assert class claims. Therefore, the Court will first analyze subject matter jurisdiction as to the individual/estate claims. ANICO and Keystone assert that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is satisfied and the parties are completely diverse if the fraudulently joined party, Keystone, is ignored. Plaintiff asserts that Keystone is not fraudulently joined and, therefore, destroys complete diversity.

### A. Standard of Review

Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render

judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). When a party relies upon diversity jurisdiction as the basis for federal subject matter jurisdiction, the party must show that there is both complete diversity and a sufficient amount in controversy. 28 U.S.C. § 1332(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) ("28 U.S.C. § 1332(a)[ ] thus applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

As to the complete diversity requirement, "one is considered a citizen of the state in which he is domiciled." Bair v. Peck, 738 F. Supp. 1354, 1355 (D. Kan. 1990) (citing Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983)). Domicile is the place a person is physically present and intends to remain. Id. (citing Mississippi Choctaw v. Holyfield, 490 U.S. 30 (1989)). When a party is a corporation, the "corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Further, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2).

The amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "The amount in controversy is ordinarily determined by allegations of the [petition], or, where they are not dispositive, by the allegations in the notice of removal." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). "As a general rule, pleading damages in excess of the amount in controversy requirement in the complaint is sufficient to satisfy the jurisdictional requirement unless it appears to a legal certainty that plaintiff in good faith cannot claim that amount." Cabral v. Willard, 333 F. Supp. 2d 1108, 1112 (D. Kan. 2004) (citing St. Paul Mercy Indem. Co. v. Red Cab

Co., 303 U.S. 283, 288-89 (1938); Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1183 (10th Cir. 2000)) (remaining citation omitted).

## B. Subject Matter Jurisdiction over the Individual/Estate Claims

Plaintiff alleges seven claims; however, her claims fall into two separate categories: those made against ANICO only and those against both ANICO and Keystone. In the first, she alleges two individual/estate claims (count one and count two) against ANICO. ANICO is a citizen of Texas because it was incorporated and has its principal place of business in Texas. Dkt. # 2, at 3; Dkt. # 2-2, at 1. Plaintiff, both individually and in her capacity as a representative of the estate, is a citizen of Oklahoma. Dkt. # 2, at 3; Dkt. # 2-2, at 1. Finally, as to both counts one and two, plaintiff "demands judgment against [ANICO] in excess of the amount required for diversity jurisdiction" and seeks punitive damages. Dkt. # 2-2, at 4. Therefore, the Court has subject matter jurisdiction over counts one and two.

However, in the second category (counts three through seven), plaintiff's individual/estate claims name both ANICO and Keystone. In each claim, plaintiff again asserts that the amount in controversy exceeds "the amount required for diversity jurisdiction." See Dkt. # 2-2, at 8. But, Keystone is a citizen of Oklahoma because it is incorporated and has its principal place of business in Oklahoma. Dkt. # 2-2, at 2. Therefore, complete diversity does not exist between the parties. However, defendants assert that Keystone was fraudulently joined and that, if Keystone is dismissed as a party, the Court will have subject matter jurisdiction over the entire case.

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Defendants can prove fraudulent

joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If a defendant can show that a non-diverse defendant was fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over the case. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder."). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

ANICO and Keystone (by adoption) assert that "Keystone neither issued nor provided any credit insurance to [ ] Dollison or any other potential class member[,]" and, therefore, because Keystone was an agent and not a party to the contract, Keystone may not be held liable under the contract. Dkt. # 2, at 8; Dkt. # 31. They further argue that Keystone cannot be liable under Okla. Stat. tit. 24, § 13(A) because there is no private right of action against an insurer or an insurance agent. Id. at 9, n. 7; Dkt. # 31. Defendants state that, in plaintiff's petition, there are no "specific

6

allegations of wrongdoing" against Keystone. Id. at 9. Defendants argue that all claims against Keystone center around a purely legal question - - "whether ANICO did anything wrong by allegedly issuing credit life insurance in an initial amount based on the 'total of payments' method." Dkt. # 30, at 12. Defendants state that, as a matter of law, all claims based upon the overpayment pursuant to the "total of payments" method fail. Id. Keystone separately asserts that there is no possibility that plaintiff could amend her petition to assert other valid claims against Keystone. Dkt. # 31, at 2-5.

Many of defendants' arguments rely on one point: there is no possibility of recovery against Keystone because Oklahoma law is clear that the "total of payments" method is the correct way to calculate the amount of the credit life insurance policy. If defendants are correct, all of plaintiff's claims against Keystone ultimately must fail because plaintiff's claims against Keystone are based on an incorrect calculation of the amount of the credit life insurance policy.

In count three, plaintiff alleges that defendants' practice of calculating the amount of credit insurance violates Okla. Stat. tit. 24, § 13(A). Counts four through seven do not specifically cite Okla. Stat. tit. 24, § 13(A), but are based upon defendants' alleged violation of the statute by providing "coverage in amounts which exceed[ed] the unpaid balance of the loan." Dkt. # 2-2, at 5, 7-12. Although plaintiff asserts that her allegations against Keystone "serve as the basis for multiple theories of recovery" (Dkt. # 26, at 9), all of plaintiff's claims against Keystone rely on Keystone's "practice of providing credit life insurance policies with limits which exceeded the unpaid balance of loans and calculated premiums according to a formula which is based in part upon the coverage limit," which would violate Okla. Stat. tit. 24, § 13(A). Id. In addition, plaintiff asserts that she could amend her petition to plead a claim of negligence, because Oklahoma law imposes

7

a duty to exercise reasonable care, which includes "making any necessary corrections or adjustments after a policy is issued." Id. (quoting Slover v. Equitable Variable Life Ins. Co., 443 F.Supp.2d 1272, 1280-81 (N.D. Okla. 2006)). That claim, too, relies on Keystone's actions related to credit insurance in an amount exceeding the unpaid balance of the loan. Finally, plaintiff asserts that she could amend her petition to assert a breach of contract action against Keystone, because "Keystone breached the contract when it procured credit life coverage in violation of 24 O.S. § 13 [sic], an amount which exceeded the unpaid balance of [Dollison's] loan." Dkt. # 27, at 11. Again, however, that claim would clearly be based upon a violation of Okla. Stat. tit. 24, § 13(A).

> Okla. Stat. tit. 24, § 13(A) states that
>
> [w]henever a credit life insurance policy . . . is obtained on the life of a debtor under or pursuant to the terms of a contract for the sale of a motor vehicle, . . . the principal amount payable thereunder shall not be in excess of the total amount the debtor agrees to pay when he enters into such contract, provided, however, that where the indebtedness is repayable in installments, the amount of the insurance shall not exceed the approximate unpaid balance of the loan.

The Oklahoma Court of Civil Appeals, in Liberty Bank & Trust Co. of Oklahoma City, N.A. v. Splane, 959 P.2d 600 (Okla. Civ. App. 1998), found that a credit life insurance policy written in the amount of the total of payments, including the amount of finance charges over the loan period, was valid and did not violate Okla. Stat. tit. 24, § 13(A). In Liberty Bank, Charles and Sharon Ann Splane (the Splanes) purchased a van from a car dealership. Liberty Bank & Trust Co. (Liberty Bank) financed the purchase, and USLIFE provided credit life insurance, as well as other insurance, while the car dealership acted an agent for USLIFE. Liberty Bank, 959 P.2d at 601. The Splanes financed a total of $23,461.69, which included the unpaid balance and the premium of the credit life coverage, as well as other fees. Id. The total of payments over the term of the loan, including the finance charges, would have been $30,025.80. Id. The credit life insurance policy was written for

8

"the amount of the total of payments." Id.  After the Splanes defaulted, Liberty Bank instituted an action to recover the deficiency. Id.  The Splanes counterclaimed and argued, among other things, that Liberty Bank, the car dealership, and USLIFE knowingly sold credit life insurance which exceeded the statutory limit, in violation of Okla. Stat. tit. 24, § 13(A). Id.  USLIFE and the car dealership both argued that the total amount of payments was the correct calculation. Id.  Before the Court of Civil Appeals, each of the Splanes' claims was based upon the calculation of the credit life insurance policy coverage. Id. at 602. The court held that "use of the *total of payments* method of calculating the appropriate amount of consumer credit insurance is correct under [Oklahoma] law." Id. at 604 (emphasis in original).

It is defendants' burden to prove fraudulent joinder, and it is a heavy burden.  Defendants assert that, as a matter of law, plaintiff has no right of recovery against Keystone, pursuant to Liberty Bank.  The Court will review each of plaintiff's contentions as to why she has a valid claim against Keystone.

First, plaintiff asserts that Liberty Bank is not accorded precedential value, pursuant to Oklahoma Supreme Court Rule 1.200(c)(2). Id.  However, as plaintiff notes, Liberty Bank was "released for publication" by the Oklahoma Court of Civil Appeals, which means it has persuasive effect.  The Oklahoma Supreme Court Rule states only that, if an opinion has been approved for publication by the Supreme Court, it thereafter has precedential value.  Plaintiff does not state that another case that has been designated for publication by the Oklahoma Supreme Court is precedential and thus overrules Liberty Bank.  Thus, Liberty Bank has persuasive value and this Court may rely on it to determine how the Oklahoma Supreme Court would likely rule on this issue.

Second, plaintiff makes many of the same arguments as were made in Liberty Bank.  Dkt.

9

# 28, at 10, 13, 17. And, plaintiff argues that the Oklahoma Court of Civil Appeals' reasoning in Liberty Bank simply does not apply to this case because, although the statute at issue, Okla. Stat. tit. 24, § 13(A), is identical, it "provides for two separate coverage limits." Dkt. # 28, at 19-20. The first coverage limit is the "total amount the debtor agrees to pay," and the second is, when a debt is repayable in installments, the amount of insurance may not exceed the "unpaid balance of the loan." Id. However, Liberty Bank is squarely on point - - the Splanes' loan was repayable in installments. And, the Oklahoma Court of Civil Appeals held that "the issuance of credit life insurance for an amount equal to the 'total of payments' is proper." Id. at 22.

Finally, plaintiff also asserts that an Alabama Supreme Court case, McCullar v. Universal Underwriters Life Ins. Co., 687 So.2d 156 (Ala. 1996), should guide this Court's findings. Dkt. # 28, at 21. In McCullar, the Alabama Supreme Court, "in a plurality opinion, held that under Alabama law the *total of payments* rule in limiting credit life is improper." Liberty Bank, 959 P.2d at 602 (emphasis in original). The Oklahoma Court of Civil Appeals expressly declined to follow McCullar. Id. Instead, the Oklahoma Court of Civil Appeals stated that it found "the reasoning of the [three] dissents more weighty than the plurality." Id. at 604. Because, in Liberty Bank, the Splanes relied upon McCullar, the court exhaustively reviewed McCullar, including noting that one Alabama Supreme Court dissenter's state survey found "at least 42 states, including Oklahoma, use the *total of payments* method establishing credit life insurance limits." Id. (emphasis in original). Further, the Oklahoma Insurance Commissioner issued an opinion, which the Oklahoma Court of Civil Appeals noted in Liberty Bank, stating that "the Alabama court's decision, which was based upon different regulatory language, simply cannot be applied to the Oklahoma situation." Dkt. # 28-3, at 1.

10

Thus, plaintiff's arguments that the credit life insurance policy was issued for an amount exceeding the unpaid balance of the loan, which violated Okla. Stat. tit. 24, § 13(A), must fail as a matter of law.[1] The Court finds that there is no possibility of recovery against Keystone, and defendants have carried their burden to prove that Keystone was fraudulently joined. Thus, Keystone should be dismissed as a party to the case, and ANICO is the sole remaining defendant. As noted above, there is complete diversity between ANICO and plaintiff, individually and on behalf of the estate, and the amount in controversy has been met.

Therefore, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Because there is diversity jurisdiction, the Court declines to reach ANICO's second basis for removal - - CAFA. Even if the Court were to find that the action was removable under CAFA, there is no need for another basis of jurisdiction. And, if the Court were to find that, although CAFA applied, the local controversy exception applied as well, the Court still has diversity jurisdiction over the underlying claims. CAFA and diversity jurisdiction are two separate jurisdictional bases. Shah v. Hyatt Corp., 425 Fed. Appx. 121, 124 (3d Cir. 2011) (unpublished)[2] (determination that the district court did not have jurisdiction under CAFA did not mean the district court could fail to determine whether it had diversity jurisdiction over the case). As there is diversity jurisdiction, the motion to

---

[1] It is unnecessary to decide whether Okla. Stat. tit. 24, § 13(A) provides for a private right of action, which is consistent with the Oklahoma Court of Civil Appeals' approach. Liberty Bank, 959 P.2d at 602 ("Because we find the trial court was correct [in finding that the credit life coverage was issued in a lawful amount], which disposes of all Splanes' claims against USLIFE and [the car dealership], we need not address the remainder of Splanes' contentions.").

[2] This and all other unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

11

remand (Dkt. # 27) is denied. Therefore, the Court will now turn to ANICO's motion to dismiss and to strike class allegations.

### III.

In its motion to dismiss and to strike class allegations (Dkt. # 9), ANICO moves to dismiss the following claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6):

| | | |
|---|---|---|
| Count One | Individual | Not a Party to nor Beneficiary of the Contract |
| Count Two | Individual | Not a Party to nor Beneficiary of the Contract |
| Count Three | Individual/Estate and Class | No Standing/Policy Amount Correctly Calculated |
| Count Four | Individual/Estate and Class | No Standing/Policy Amount Correctly Calculated |
| Count Five | Individual/Estate and Class | No Standing/Policy Amount Correctly Calculated |
| Count Six | Individual/Estate and Class | No Standing/Policy Amount Correctly Calculated |
| Count Seven | Individual/Estate and Class | No Standing/Policy Amount Correctly Calculated |

Additionally, ANICO moves to strike plaintiff's class allegations under Fed. R. Civ. P. 12(f). ANICO does not seek dismissal of plaintiff's claim for bad faith (count one) or breach of contract (count two) on behalf of the estate of Dollison.

### A. Standard of Review

In considering a motion under Rule 12(b)(6), a court must determine whether plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once

a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all of the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991). Finally, "the 12(b)(6) standard does not require that [p]laintiff establish a prima facie case in her complaint, [but] the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012) (citations omitted). Generally, when materials are attached to a motion to dismiss, courts will convert the motion into a motion for summary judgment. However, where the extrinsic material attached to the motion is integral to the plaintiff's claim, there is an exception, see Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009), which applies here.[3]

---

[3]   The Court is considering extrinsic materials attached to the motion to dismiss, specifically the credit life insurance policy at issue and the truth in lending disclosures. However, because the documents are integral to and referenced in plaintiff's petition, the Court need not convert the motion to dismiss into a motion for summary judgment. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997) (collecting cases).

13

**B. Motion to Dismiss**

ANICO argues that plaintiff's claims for bad faith denial (count one) and breach of contract (count two), alleged in her individual capacity, must be dismissed because plaintiff was neither a party to nor a beneficiary of the contract between ANICO and Dollison. In her response to the motion to dismiss, plaintiff "voluntarily agrees to withdraw[ ] her breach of contract and bad faith claims which were asserted on an individual basis." Dkt. # 28, at 7. Therefore, the Court finds that, as to plaintiff's claims for bad faith denial (count one) and breach of contract (count two) asserted in plaintiff's individual capacity, ANICO's motion should be granted, and those claims should be dismissed with prejudice.[4]

ANICO argues that Okla. Stat. tit. 24, § 13(A) does not create a private right of action. However, this argument overlaps with ANICO's assertion that Okla. Stat. tit. 24, § 13(A) allows an insurer to calculate the amount of credit insurance using the "total of payments method." Dkt. # 9, at 6-10. Because the Oklahoma Court of Civil Appeals has, as discussed above, squarely decided that calculation of the amount of credit insurance based on "total of payments" is correct, the Court will first address ANICO's arguments based upon the validity of the calculation. As noted above, if the calculation was correct, plaintiff's standing is immaterial.

Plaintiff's claims against ANICO for violation of Okla. Stat. tit. 24, § 13(A) (count three), breach of contract and breach of the implied covenant of good faith and fair dealing (count four), restitution (count five), unjust enrichment and constructive trust (count six), and injunctive relief

---

[4] ANICO requests that plaintiff's claims, in her individual capacity, for bad faith and breach of contract be dismissed "with prejudice." Dkt. # 9, at 5. Plaintiff asserts that her claims "are properly pursued as the personal representative of [Dollison's] estate" and does not request that her individual claims be dismissed without prejudice. Dkt. # 28, at 10.

14

(count seven) are all based upon ANICO's calculation of the amount of credit insurance. Plaintiff asserts that ANICO provided "credit life insurance policies with coverage limits [that] exceeded the unpaid balance of insureds' installment loans." Dkt. # 2-2, at 12. ANICO asserts, however, that its method for calculating the amount of credit insurance is valid and has been approved by the Oklahoma Court of Civil Appeals in Liberty Bank, 959 P.2d at 604. As previously discussed, Liberty Bank is directly on point and it held that the total of payments calculation is correct. Although the analysis to determine whether there is a possibility of recovery in the fraudulent joinder context differs from the analysis of whether plaintiff has stated a claim upon which relief may be granted in the context of a motion to dismiss, plaintiff cannot state a claim against ANICO for incorrectly calculating the amount of the credit life insurance policy, as a matter of law, for the same reasons that she had no possibility of recovery against Keystone. ANICO's use of the "total of payments" method is correct, pursuant to Liberty Bank. Thus, plaintiff cannot state a claim upon which relief may be granted as to counts three through seven, and ANICO's motion to dismiss should be granted as to claims brought by plaintiff in her individual capacity and on behalf of the estate in counts three, four, five, six, and seven.

### C. Motion to Strike

Finally, ANICO asserts that plaintiff's class allegations should be stricken for the same reason. ANICO moves to strike pursuant to Fed. R. Civ. P. 12(f), which states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In considering whether a class may be certified, "[Fed. R. Civ. P.] 23(a) requires an analysis of four elements which are preconditions to class certification: numerosity, commonality, typicality, and adequacy of the named parties to represent the class." Shook v. El Paso Cnty., 386 F.3d 963, 968 (10th Cir. 2004) (citation omitted). In other words, "[t]o have standing to sue on a class's behalf, the plaintiff must be an adequate class representative. The plaintiff must be a part of the class and 'possess the same interest and suffer the same injury' as class members." Stubbs v. McDonald's Corp., 224 F.R.D. 668, 674 (D. Kan. 2004) (quoting E. Tex. Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395 (1977)).

ANICO does not state what standard of review should govern its motion to strike pursuant to Fed. R. Civ. P. 12(f); however, under Fed. R. Civ. P. 23(d)(1)(D), a district court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." This rule gives a district court the authority to strike or dismiss class allegations before discovery if it is apparent from the plaintiff's complaint that a class cannot be certified. Hovsepian v. Apple, Inc., 2009 WL 5069144 (N.D. Cal. Dec. 17, 2009). "A court may strike class allegations under [Rule 23(d)] where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate." Henry v. Allstate Ins. Co., 2007 WL WL 2287817, *2 (E.D. La. Aug. 8, 2007).

Plaintiff states that the class includes all those who purchased credit life insurance coverage "where the coverage limit provided . . . exceeded the balance of his or her loan, which was to be paid in installment payments." Dkt. # 2-2, at 5. Because ANICO's method of calculating the amount of credit insurance is correct under Oklahoma law, the Court has already found that claims brought on behalf of plaintiff individually and on behalf of the estate in counts three through seven, which are

the bases for plaintiff's class allegations, should be dismissed. Dismissal of all counts over which plaintiff sought class certification precludes plaintiff's representation of a class of persons similarly situated. In other words, pursuant to Fed. R. Civ. P. 23(a), if plaintiff is unable to state a claim upon which relief may be granted as to her claims, she cannot "fairly and adequately protect the interests of the class" or present "claims or defenses" that are typical of the claims and defense of the class. See Rector v. City and Cnty. Of Denver, 348 F.3d 935, 949 (10th Cir. 2003) (finding that, because plaintiffs lacked standing to bring claims, claims of the plaintiffs, as class representatives, were not typical of the class as a whole, and remanding to district court for decertification).[5] Therefore, plaintiff's claims brought on behalf of all others similarly situated in counts three, four, five, six, and seven should be dismissed, plaintiff's class allegations should be stricken, and ANICO's motion to strike class allegations should be granted.

**IT IS THEREFORE ORDERED** that Keystone Chevrolet, Inc. is **dismissed** as a party to this case.

**IT IS FURTHER ORDERED** that claims brought on behalf of plaintiff individually, as to counts one and two, are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that counts three through seven, brought in plaintiff's individual capacity and on behalf of the estate of Dollison, are **dismissed** for failure to state a claim upon which relief may be granted. Further, plaintiff is not granted leave to amend because she cannot, as a matter of law, state a claim and amendment would be futile.

---

[5]  Plaintiff cannot represent a class based upon claims that she, individually, cannot assert as a matter of law. See E. Tex. Motor Freight Sys. Inc. v. Rodriguez, 431 U.S. 395, 406, n. 12 (1977) (finding that plaintiffs could not represent a class because, prior to class certification, it was clear that plaintiffs' individual claims should have been dismissed). Therefore, based on the dismissal of the underlying claims, plaintiff cannot assert claims on behalf of others.

17

**IT IS FURTHER ORDERED** that plaintiff's claims, counts three through seven, brought on behalf of all others similarly situated are **dismissed**, and plaintiff's class allegations are **stricken**. Further, plaintiff is not granted leave to amend because she cannot, as a matter of law, state a claim and amendment would be futile.

**IT IS FURTHER ORDERED** that American National Insurance Company's 12(b)(6) Motion to Dismiss and 12(f) Motion to Strike Class Allegations and Brief in Support (Dkt. # 9) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand and Brief in Support (Dkt. # 27) is **denied**.

**IT IS FURTHER ORDERED** that the remaining claims are those alleged in counts one and two on behalf of the estate of Dollison against ANICO.

**DATED** this 13th day of May, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE