UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JUDY DOLLISON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 13-CV-0100-CVE-FHM |
| ) | |
| ) | |
| **AMERICAN NATIONAL INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is plaintiff Judy Dollison's Motion for Rule 54(b) Certification. Dkt. # 37. Plaintiff asks that the Court certify its Opinion and Order (Dkt. # 33) as a final decision on the claims dismissed therein. In the Opinion and Order, the Court granted defendant American National Insurance Company (ANICO)'s motion to dismiss (Dkt. # 9), and denied plaintiff's motion to remand (Dkt. # 27). The only remaining claims are for breach of contract and bad faith denial against ANICO. Plaintiff asserts that her dismissed claims are entirely separate from the remaining claims and there is no just reason to delay appellate review of the Court's order.

**I.**

The underlying facts were recited in the Court's Opinion and Order. Dkt. # 33. Plaintiff, individually and as personal representative of the estate of Dollison, as well as on behalf of all others similarly situated, filed suit in Mayes County, Oklahoma and named ANICO and Keystone Chevrolet, Inc. (Keystone) as defendants. Dkt. # 2-2. Plaintiff alleged seven claims. All seven of plaintiff's claims were asserted in her individual capacity and on behalf of Dollison's estate

(individual/estate), and counts three through seven were asserted on behalf of all others similarly situated (class). Plaintiff's claims were as follows:

| | | | |
|---|---|---|---|
| Count One | Bad Faith Denial | Individual/Estate | ANICO |
| Count Two | Breach of Contract | Individual/Estate | ANICO |
| Count Three | Violation of Statute | Individual/Estate and Class | ANICO and Keystone |
| Count Four | Breach of Contract/ Breach of Covenant of Good Faith/Fair Dealing | Individual/Estate and Class | ANICO and Keystone |
| Count Five | Restitution | Individual/Estate and Class | ANICO and Keystone |
| Count Six | Unjust Enrichment/ Constructive Trust | Individual/Estate and Class | ANICO and Keystone |
| Count Seven | Injunctive Relief | Individual/Estate and Class | ANICO and Keystone |

ANICO removed the case on the basis of diversity jurisdiction and the Class Action Fairness Act, 28 U.S.C. § 1332(d) (CAFA). Dkt. # 2. Keystone consented to removal. Id. Thereafter, ANICO filed a motion to dismiss for failure to state a claim and to strike class allegations. Dkt. # 9. Plaintiff filed a motion to remand (Dkt. # 27) and responded to ANICO's motion to dismiss and motion to strike class allegations (Dkt. # 28). ANICO and Keystone both filed responses to plaintiff's motion to remand. Dkt. ## 30, 31. The Court entered an Opinion and Order on May 9, 2013, granting ANICO's motion to dismiss and strike class allegations and denying plaintiff's motion to remand. Dkt. # 33. The Court found that: Keystone should be dismissed as a party; claims brought on behalf of plaintiff individually as to counts one and two should be dismissed with prejudice; counts three through seven, brought in plaintiff's individual capacity and on behalf of the estate of Dollison, should be dismissed; and plaintiff's class allegations should be stricken. Id. The

only remaining claims are those brought on behalf of the estate against ANICO for breach of contract and bad faith denial. Thereafter, plaintiff filed her motion for Fed. R. Civ. P. 54(b) certification. Dkt. # 37.

## II.

Fed. R. Civ. P. 54(b) provides that

> [w]hen an action presents more than one claim for relief[,] . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

"The purpose of Rule 54(b) 'is to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until the final adjudication of the entire case by making an immediate appeal available.'" Oklahoma Turnpike Auth. v. Bruner, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright et. al., Federal Practice and Procedure: Civil 2d § 2654 at 33 (1982)). "However, Rule 54(b) 'preserves the historic federal policy against piecemeal appeals[.]'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)). The rule helps to "promote[ ] judicial efficiency, expedites the ultimate termination of an action and relieves appellate courts of the need to repeatedly familiarize themselves with the facts of a case." Id. "Thus, '[t]he rule attempts to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.'" Id. (quoting 10 Charles A. Wright et. al., Federal Practice and Procedure: Civil 2d § 2654 at 35 (1982)).

Fed. R. Civ. P. 54(b) motions should not be granted "routinely." Id. "Indeed, 'trial courts should be reluctant to enter Rule 54(b) orders since the purpose of this rule is a limited one: to provide a recourse for litigants when dismissal of less than all their claims will create undue

3

hardships.'" Id. (quoting Gas-A-Car, Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1105 (10th Cir. 1973)). "Thus, a certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations." Id.

"In making the determination required by Rule 54(b), the district court must first ascertain whether the judgment is final." Wheeler Mach. Co. v. Mountain States Enters., Inc., 696 F.2d 787, 789 (10th Cir. 1983) (citing Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7 (1980)). "To be final, the judgment must be 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (citing Curtiss-Wright, 446 U.S. at 7) (internal quotation marks omitted). "[A] 'claim' is generally understood to include all factually or legally connected elements of a case." Oklahoma Turnpike Auth., 259 F.3d at 1242. In other words, "a judgment is not final for the purposes of Rule 54(b) unless the claims resolved are distinct and separate from the claims left unresolved." Id. at 1243. As to the second required determination, "the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." Id. at 1242. In making this determination, the district court should weigh the policies surrounding Rule 54(b), including the need to avoid piecemeal appeals, and the "district court must take into account judicial administrative interest as well as the equities involved." McKissick v. Gemstar-TV Guide Intern., Inc., 2007 WL 2436299 (N.D. Okla. 2007) (internal quotation marks omitted).

In this case, plaintiff asserts that the remaining claims are separate and distinct from those dismissed by the Court's Opinion and Order and that the Court should therefore certify plaintiff's dismissed claims as final. The Court's Opinion and Order was primarily based upon Liberty Bank & Trust Co. of Oklahoma City, N.A. v. Splane, 959 P.2d 600 (Okla. Civ. App. 1998), wherein the

4

the Oklahoma Court of Civil Appeals found that a credit life insurance policy written in the amount of the total of payments, including the amount of finance charges over the loan period, was valid and did not violate Okla. Stat. tit. 24, § 13(A). Plaintiff's dismissed claims all relied upon the allegation that the credit life insurance policy at issue in this case was issued for an amount exceeding the unpaid balance of the loan, which violated Okla. Stat. tit. 24, § 13(A), and the Court found that plaintiff's allegation failed as a matter of law under Liberty Bank.

The remaining claims, in contrast, are based upon breach of contract and bad faith denial and were asserted against ANICO only. These claims are based upon the denial of coverage after plaintiff's husband, the insured, died. Unlike the dismissed claims, the focus of the remaining claims is entirely on whether the insured was truthful on his application for credit life insurance as well as ANICO's actions after the insured's death. Therefore, the remaining claims are entirely "separable from the others remaining to be adjudicated." Curtiss-Wright, 446 U.S. at 8. The Court finds that judgment, as to the claims that were dismissed, is final because the remaining claims are distinct and separate from those that were dismissed.

However, the Court must also determine whether "there is no just reason to delay review of the final order until [the Court] has conclusively ruled on all claims presented by the parties to the case." Oklahoma Turnpike Auth., 259 F.3d at 1242. Plaintiff asserts that "the terminated claims relating to whether [ ] [d]efendants properly calculated the amount of credit life insurance coverage . . . are completely distinct from [the] remaining claims." Dkt. # 37, at 6. Plaintiff states that "[t]he facts from which each claim arises do not overlap with one another; furthermore, the legal issues surrounding each claim are completely unrelated to one another." Id. Further, plaintiff argues that it would be a waste of court time and resources to force ANICO and plaintiff to continue to litigate

the remaining claims before allowing plaintiff to appeal the dismissed claims because plaintiff would "potentially" be forced to "start over and litigate the terminated class claims" rather than to first appeal the dismissed claims and thereafter "litigate all viable claims at once." Id.

Plaintiff states only that "delaying appeal would merely allow ANICO to continue its practice of utilizing the 'total of payments' method when calculating credit life insurance limits, which would result in putative class members continuing to incur damages by paying inflated and potentially unlawful premiums." Dkt. # 37, at 6. Plaintiff's arguments, therefore, are that she would have to "start over" and litigate the dismissed claims separately, after litigating her claims for breach of contract and bad faith denial, rather than litigating both at the same time, and that ANICO will continue what plaintiff argues is an unlawful practice.

As noted by plaintiff, the remaining claims are entirely factually and legally separate from the dismissed claims. However, contrary to plaintiff's assertions, requiring plaintiff to fully litigate all her claims before appealing any of them will not waste judicial resources. Instead, it will promote "the historic federal policy against piecemeal appeals." Oklahoma Turnpike Auth., 259 F.3d at 1241 (internal quotation marks omitted). Because the two sets of claims are entirely separate, allowing plaintiff to take a piecemeal approach to her appeals would not "expedite[ ] the ultimate termination of [this] action," id., but would instead require the Tenth Circuit to "repeatedly familiarize [itself] with the facts of [this] case." Id. There are no uncertain questions of law that, if resolved on appeal, would allow this Court to better adjudicate plaintiff's remaining claims. Similarly, requiring plaintiff to appeal only after a final adjudication on all claims will not create undue hardship because the only hardship that plaintiff stated exists is that ANICO will continue to use a method for calculating the amount of credit life insurance that this Court has already found is

6

solidly supported and correct under Oklahoma law. Because federal courts prefer "one appeal in a single action" and because requiring plaintiff to wait for a final judgment on all claims creates no undue hardship in this case, the Court finds that there is reason to delay review until adjudication of all claims is final and plaintiff's motion should be denied.

**IT IS THEREFORE ORDERED** that plaintiff Judy Dollison's Motion for Rule 54(b) Certification (Dkt. # 37) is **denied**.

**DATED** this 10th day of June, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE